61 F.3d 906
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver S. CARTER, Defendant-Appellant.
 No. 94-1950.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 16, 1995.*
Decided July 6, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Oliver Carter was convicted of distributing approximately one-quarter ounce of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). We affirmed the conviction. 999 F.2d 182 (7th Cir. 1993).
 
 
 2
 Carter later sought a new trial under Federal Rule of Criminal Procedure 33, contending that newly discovered evidence undercut the credibility of Rosemary Collins, a witness who testified against him. At trial, Collins testified that she had purchased cocaine from Carter for three years, including three of four weekly purchases in the six months before Carter's arrest. Collins also testified that she did not have any agreement with the local or federal authorities regarding commitments made to her in exchange for her testimony at Carter's trial.
 
 
 3
 Rule 33 provides that "[t]he court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice." To obtain a new trial based on newly discovered evidence, Carter must show that the evidence (1) came to his knowledge only after trial; (2) could not have been discovered sooner through the exercise of due diligence; (3) is material, and not merely impeaching or cumulative; and (4) would probably lead to an acquittal in the event of a new trial. United States v. Theodosopoulos, 48 F.3d 1438, 1448 (7th Cir. 1995); Jarrett v. United States, 822 F.2d 1438, 1445 (7th Cir. 1987). We will reverse a district court's denial of a motion for new trial based on newly discovered evidence only if the district court has abused its discretion. Theodosopoulos, 48 F.3d at 1448. "We approach such motions with great caution and are wary of second-guessing the determinations of both judge and jury." Id. (citations and internal quotations omitted).
 
 
 4
 Carter has not identified what newly discovered evidence entitles him to a new trial.[1] In his motion, Carter argued that the government entered into a "contingency" agreement with Collins, which therefore tainted Collins' trial testimony. The district court rejected this argument, observing that there was no evidence in the record nor any newly discovered evidence showing that a contingency agreement existed between the government and Collins. Collins herself testified at trial that no deals or promises had been made to her by the government in exchange for her testimony. (Trial Tr. of 12/11/91, at 122.) We agree with the district court that any information relating to Collins' alleged agreement (including the fact that she was not charged) was known during trial, (Trial Tr. of 12/10/91, at 42-43), and does not constitute newly discovered evidence.[2]
 
 
 5
 Furthermore, as the district court properly observed, information that Collins was convicted in 1993 for delivering cocaine merely corroborated other evidence already in the record that Collins sold drugs, and thus was neither material nor likely to lead to Carter's acquittal. The district court did not abuse its discretion in concluding that this information was not newly discovered evidence and could not support a request for a new trial.
 
 
 6
 Finally, we uphold the district court's rejection of Carter's repeated assertions that the government withheld evidence concerning Collins which he could have used to impeach her credibility. First, Carter has not produced any evidence showing that Collins had entered into an agreement with the government, or that Collins gave perjured testimony at trial. In addition, the government did produce Collins' arrest record to defense counsel before trial. Carter knew about Collins' prior record, and had an opportunity to use it at trial to impeach her. (Trial Tr. of 12/11/91, at 122, 124, 125, 132.) The district court did not abuse its discretion in rejecting Carter's claims.
 
 
 7
 The district court's order denying Carter's motion for a new trial is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 We note that Carter concedes in his reply brief that the inconsistencies in Collins' testimony about the price she paid Carter for drugs do not constitute newly discovered evidence because these inconsistencies were admitted by her at trial; explored by defense counsel during Collins' cross-examination; and thus were known to Carter at the time of trial
 
 
 [2]
 Carter's attempt in his reply brief to identify his newly discovered evidence is both incomprehensible and inadequate:
 The newly discovered evidence in this instance consisted of time-proven empirical evidence, post-trial discovered, pretrial suppressed and during trial denied by the prosecution team and its key witness Collins, that a then undisclosed, implicit but now undisputed, explicit punishment leniency arrangement really did exist between the government and essential witness Rosemary Collins in exchange for her government-favorable, anti-Carter testimony.
 (Reply Br. at 2.)